John J. Walsh, J.
This motion appears to he a novel one of apparent first impression.
In October, 1959, the Grand Jury of Oneida County presented an indictment accusing the defendant of grand larceny on the ground that having in his possession as secretary-treasurer of Local No. 2 M. E. S. A.-C. I. O., he appropriated to his own use funds owned by said Local No. 2, M. E. S. A.-C. I. O. the following amounts on the following dates:
First Count August 12, 1958................$1,386.00
Second Count November 21, 1958............ 1,925.50
Third Count November 5, 1958.............. 396.00
Fourth Count February 4, 1959.............. 413.00
Fifth Count February 3, 1959............... 657.00
Total ................................$4,777.50
*740 On March 2,1960, the defendant entered a plea of guilty to all five counts and on April 29, 1960 was sentenced to concurrent terms of 5 to 10 years on three counts of grand larceny first degree and passing of sentence was suspended on the remaining two counts. The execution of the sentences on each count was suspended and defendant was placed on probation for five years conditioned upon making restitution to Local No. 2 M. E. S. A. in the amount of $4,700. This restitution has not yet been made.
Thereafter, and in June, 1960 Local No. 2 M. E. S. A. brought an action against the Oneida National Bank and Trust Company for the sum of $4,120.50 based upon the deposit without authority of said union by said Angelo Grago in his personal account at said bank and at the Rome Trust Company (which has been merged into said bank) of certain checks made payable to the said union, and alleging that the dates and amounts of said deposits were as follows:
August 12, 1958....................$1,386.00
November 5, 1958.................. 396.00
November 21, 1958................. 1,925.50
February 4, 1959........■........... 413.00
Total ........................$4,120.50
In settlement of that action the Oneida National Bank in July, 1960 paid the sum of $4,000 to Local No. 2. It is claimed that the $4,000 was paid to the bank by the Federal Insurance Company under a contract with the bank and the said bank has assigned in writing to the insurance company all rights of said bank in connection with said payment, and all of its rights against said union and Grago.
The Federal Insurance Company now asks that this court make a further order in the criminal proceeding amending and supplementing its original order of restitution to provide that said restitution payment, to the extent of $4,000 thereof, be made to the Federal Insurance Company in the place and stead of said Local No. 2.
In the absence of statutory provision, it appears that the criminal courts have no power of reparation or restitution. In this State, section 483 of the Code of Criminal Procedure provides:
‘ ‘ After a plea of guilty, in a case where a discretion is conferred upon the court as to the extent of the punishment, and where there appear to be circumstances in mitigation of the punishment the court shall have power, in its discretion, to place the defendant on probation in the manner following:
*741 “ 2. * * * The court may, upon consent of the defendant and as one of the conditions of suspension of sentence, or suspension of the execution of judgment or of probation, require him, while under suspended sentence or suspension of the execution of judgment or on probation, to make restitution or reparation to the aggrieved parties in an amount to be fixed by the court, not to exceed the actual losses or damages caused by his offense
Two interesting questions come to mind. Is the Federal Insurance Company “ the aggrieved party or parties ”? What are the losses or damages caused by the defendant’s crime?
It is clear that the court was limited in fixing restitution to the amount charged in the indictment, to which defendant pleaded. (People v. Funk, 117 Misc. 778.) The petitioner claims that since it has made its settlement on behalf of the bank on the same amounts that are charged in four of the counts of the indictment, the court is not being asked to order additional restitution but merely to properly direct the payment to be made to it. Any other payment would constitute unjust enrichment to the local union.
The more serious problem is the question whether the petitioner is properly before the criminal court as “ the aggrieved party ’ ’. The aggrieved party in a criminal action can only refer to the party whose rights, personal or property, were invaded by the defendant as a result of which criminal proceedings were successfully concluded.
Restitution or reparation is not a substitute for a civil action to recover damages. It is merely a procedure whereby, in a proper case, the court has discretion to place a defendant on probation and at the same time assure that he shall nn* financially profit by his wrongdoing.
In this case, the union sought damages from the bank in a civil action for the negligence of its employees or agents. Tbu defendant’s criminal act resulted from his appropriation of the money thus improperly credited to his account. The larceny for which he was convicted upon his plea was from the union, not from the bank. The “ aggrieved party ” in this case is the union and the court’s order of restitution can only benefit the union.
While it is possible to extend the meaning of the term “ aggrieved party ” to include a surety for defendant’s honesty (see United States v. Follette, 32 F. Supp. 953), restitution cannot be made to persons “ other than one directly concerned ” in the counts of the indictment upon which a defendant stands *742 convicted. (Karrell v. United, States, 181 F. 2d 981, 987, cert, denied 340 U. S. 891.)
“ Probation is not a matter of right but is conferred by the court as a privilege upon the withholding of sentence or the staying of its execution, if the court has determined that from the defendant’s character and circumstances of the case that the defendant is not likely to commit crime and that the public welfare does not require that he shah suffer the penalty of the law. It is incumbent upon the trial court to individualize each case and give it careful and human consideration. The defendant cannot insist on the terms of probation and should not be allowed to strike a bargain with the prosecutor or the court on the matter of restitution as a condition for probation. Neither should the criminal process be used to supplement a civil suit or as a threat to coerce the payment of a civil liability and thus reduce the criminal court to a collection agency” (State v. Scherr, 9 Wis. 2d 418.).
“ [A]n offense against the State resulting in criminal liability does not automatically involve a civil liability to a private citizen involved in some manner in the circumstances out of which the crime arose.” (People v. Becker, 349 Mich. 476, 480.)
The theory of petitioner is a novel one and, while its logic is unquestioned, it would constitute an unwarranted extension of the statutory discretion of the criminal court. If adopted, where could the line of demarcation be drawn between included and excluded events?
This court, therefore, holds that neither the bank nor the petitioner as assignee of the bank are 1 ‘ aggrieved parties ’ ’ within the meaning of section 483 of the Code of Criminal Procedure. Motion denied.