**People of the State of Illinois, Plaintiff-Appellee, v. Harry Stacy, Defendant-Appellant.**

**Gen. No. 50,074.**

First District, Third Division.

October 7, 1965.

A. A. Browne, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph A. Malek, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Harry Stacy, committed an assault upon Carlisle O'Neill with a shotgun. O'Neill sustained serious injuries as a result of Stacy's attack and his right leg had to be amputated above the knee. Stacy was indicted for attempted murder, pleaded guilty, and made an application for probation. The court continued the application and ordered a pre-sentence investigation.

At the probation hearing O'Neill's attorney stated to the court that he had conferred with Stacy's attorney and that he and the complaining witness would have no objection to probation provided that, as a condition in the probation order, Stacy was compelled to pay $100 per month as a contribution toward O'Neill's medical expenses. He further stated that he wanted it made clear for the benefit of Stacy's counsel that if the court ordered

these payments they were not to be considered a waiver of O'Neill's right to bring a civil action against Stacy. Stacy and his counsel agreed that he would abide by the court's order if probation were granted. The court admitted him to five years probation and ordered him to pay $100 each month during the entire term of probation. In so doing the court stated that the payments were not intended to disturb any civil rights which might exist between the complaining witness and the defendant.

Some time thereafter, O'Neill instituted a civil action against Stacy praying $500,000 damages for the injuries sustained by him in the attack. Stacy thereupon filed a motion in the Criminal Court asking that the monthly payments required under the terms of his probation be suspended pending the outcome of the damage action. A hearing was held and the motion was denied. From this denial, Stacy appeals.

The contention urged here has not previously been before the courts of review of this state. It is the defendant's contention that it would be unjust to require him to continue the probation payments since, if O'Neill should recover a money judgment he would have received the payments in addition to the judgment and, if the jury should find the defendant not guilty, then he should not be required to pay damages in any form. He has cited no authority which supports this contention and, indeed, we doubt that there is any ground upon which it might be sustained.

The power to order reparation payments, as a condition of probation, is conferred upon the court by statute. On the date that the defendant was relieved from serving the penalty imposed by law for the crime of attempted murder and was placed on probation, the statute provided:

". . . [T]he court may impose any one or more of the following conditions: (2) That he [the defendant]

shall make . . . reparation, in whole or in part . . . to the person . . . injured. . . ." Probation Act, sec 4; chap 38, par 787 (1961).

At the time the defendant moved for the suspension of the reparation payments the statute in effect was as follows:

· "A person admitted to probation may be subject to the following conditions: (4) make . . . reparation . . . in an amount not to exceed actual . . . medical expense resulting from bodily injury to person." Code of Criminal Procedure, sec 117–2(b)(4); chap 38, par 117–2(b)(4) (1963), effective January 1, 1964.

The defendant argues that the $100 monthly payments were not based on evidence of the complainant's actual medical expenses. The amount suggested by O'Neill's attorney was not questioned by the defendant or his attorney at the time the condition was imposed. The record reveals that the two attorneys had conferred before the suggestion was made to the court and the reasonable deduction is that they agreed to the figure proposed. Moreover, the reasonableness of the total of these payments, $6,000, is not questioned in this court and, in view of the very serious injuries sustained by the complaining witness, there seems no doubt that the ordered payments were not excessive.

■ ■ A civil action and a criminal prosecution are two separate actions both of which may be based upon the same factual situation. The prosecution of a criminal action against a defendant is in no way a bar to the right of the complaining witness to institute a civil action for damages against the same defendant based on the same conduct. Ill Rev Stats 1963, chap 38, par 1–4.

The argument that a jury verdict for the defendant in the damage suit would in some way alter the posture

of the probation order is not well founded. The determination of the civil jury could not change the criminal conviction in any case—and in this particular case the defendant admitted his guilt by entering a plea of guilty to the criminal charge. This being so, it is difficult to see what effect a finding of non-liability could have upon the reparation payments.

The argument that it is unfair to compel the defendant to continue the probation payments because there might be a verdict for O'Neill is equally unfounded. It would be unfair to cut off payments because O'Neill exercised his valid right to institute a civil action against Stacy. Should O'Neill obtain a damage verdict, it may be that a set-off should be ordered for the money already received by him under the terms of the probation. This, however, would be a question to be decided at the time of such an award, not now on the mere speculation that such an award might be forthcoming.

■ There is no reason for suspending the reparation payments at this time. The Criminal Court properly denied the defendant's motion.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.