[No. 39547.     Department One.     July 25, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
GUNDERSON, *Appellant.**

*J. Lael Simmons,* for appellant.

*Charles O. Carroll* and *Neal J. Shulman,* for respondent.

McGOVERN, J.—While operating a motor vehicle near
Issaquah on September 2, 1966, defendant failed to nego-
tiate a turn, his automobile overturned and a 14-year-old
passenger, Vicki Bergan, was killed.

Defendant was charged with negligent homicide, was
tried, convicted, and appeals from the judgment of court
entered upon the verdict of guilt.

*Reported in 444 P.2d 156.

His first assignment of error relates to the following instruction given by the court:

> To convict the defendant Robert Gunderson of the crime of Negligent Homicide, as charged in the information herein, the state must prove to you beyond a reasonable doubt: (1) That on or about the 2nd day of September, 1966, the defendant Robert Gunderson operated a motor vehicle upon a public highway in King County, Washington; (2) That the defendant operated said motor vehicle either: (a) In a reckless manner, OR (b) With disregard for the safety of others, OR (c) While under the influence of or affected by the use of intoxicating liquor; and (3) That as a proximate result of said operation of an automobile, Vicki Bergan died within one year;
>
> If you find that the evidence admitted in this case proves beyond a reasonable doubt elements (1), (3), and either (2) (a), (2) (b) or (2) (c), then it will be your duty to return a verdict of guilty of the charge of Negligent Homicide, as charged in the information herein. In the establishment of element (2), you are instructed that it is necessary to prove only one sub-element.
>
> On the other hand, if after weighing all the evidence you then entertain a reasonable doubt as to any of the foregoing elements, you should return a verdict of not guilty. (Instruction No. 4.)

We note that the instruction contains the essential ingredients of the negligent homicide statute, RCW 46.61.520 (1),[1] upon which the information herein was based.

Defendant urges that there was insufficient evidence to support the submission of the intoxication issue to the jury. We do not agree. The record reveals that on the evening in question defendant admitted having one beer, admitted purchasing a half case of beer, and was handed a beer on three or four different occasions. His condition of sobriety was described by one witness as "slightly af-

[1] RCW 46.61.520(1) "When the death of any person shall ensue within one year as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle."

fected" and by another as "high". It was said that he weaved when walking and that, while normally quiet and shy, on this occasion he was talkative, laughing and joking. The foregoing evidence was clearly sufficient to support the submission of the issue of driving "[w]hile under the influence of or affected by the use of intoxicating liquor" to the jury. *See State v. Uglem,* 68 Wn.2d 428, 413 P.2d 643 (1966).

Defendant next contends that the court erred when it instructed the jury that:

> The unlawful operation of a vehicle in excess of the maximum lawful speed provided at the point of operation and under the circumstances prescribed shall be prima facie evidence of the operation of a motor vehicle in a reckless manner.
>
> "Prima facie evidence" is evidence which suffices for the proof of a particular fact until contradicted or overcome by other evidence. (Instruction No. 8.)

The basis for the claimed error is that the instruction "makes no allowance whatsoever for acceleration of a following car in order to pass a leading car, but allows the jury to pin on a defendant recklessness where none necessarily exists."

The first portion of the instruction is a paraphrased recital of RCW 46.61.465[2] and is an accurate rendition of the law. It was not error, therefore, to so assert. The second portion of the instruction afforded defendant an adequate opportunity to rebut, contradict or overcome the prima facie evidence by legitimate argument. In fact his counsel attempted to do so in his closing statement. The claimed assignment is without merit.

The next two assignments of error relate to instructions on the matter of circumstantial evidence. The court charged the jury that:

---

[2] RCW 46.61.465 "The unlawful operation of a vehicle in excess of the maximum lawful speeds provided in this chapter at the point of operation and under the circumstances described shall be prima facie evidence of the operation of a motor vehicle in a reckless manner by the operator thereof."

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved. (Instruction No. 9.)

Defendant insists that the instruction was insufficient because it fails to state that if two postulates can be drawn from the evidence, one of guilt and the other of innocence, then the latter must be adopted.

The theory proposed by the defendant has a sound resting place, but only in those situations where the evidence against the defendant was entirely circumstantial. *See State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967). Here the direct evidence would admit of the following facts: that defendant was driving the automobile, had been drinking, was speeding, that he failed to negotiate a turn and his vehicle sheared off utility and fence poles after sliding across the highway. One of his passengers died as a result of injuries received in the accident. The evidence here not being entirely circumstantial, the rule of *State v. Douglas, supra,* is not applicable. *See State v. Studebaker,* 67 Wn.2d 980, 410 P.2d 913 (1966).

Defendant then argues that the circumstantial evidence instruction which he proposed should have been given. We quote:

You are instructed that if circumstantial evidence is relied upon by the prosecution the facts and circumstances introduced in evidence must be consistent with each other and inconsistent with any theory of defendant's innocence.

This would allow the jury to accept any theory of innocence, no matter how absurd, and is thus fatally defective. The theory of innocence referred to must be "reasonable" in nature before it may be adopted. *State v. Nelson,* 65 Wn.2d 189, 396 P.2d 540 (1964).

The next three assignments of error concern the court's refusal to give proposed instructions relating to excusable homicide, unavoidable accident and the degree of negligence that will not sustain a conviction for negli-

gent homicide. Each such instruction as proposed was negative in nature. We again assert that instructions setting forth matters which will NOT support a criminal conviction need not be given. *State v. Brooks*, 73 Wn.2d 653, 440 P.2d 199 (1968); *State v. Harvey*, 57 Wn.2d 295, 356 P.2d 726 (1960).

■ And finally error is assigned to the order of court deferring imposition of sentence on the condition that defendant pay the sum of $7,500 to the parents of the deceased child, payable on a monthly payment program. Defendant maintains that this constitutes a fine in excess of the maximum $1,000 penalty authorized for negligent homicide,[3] and is therefore void. The trial court did not, nor do we, consider it such. RCW 9.95.210, applicable to the deferment of sentence,[4] provides in part that the order of deferment may be "upon such terms and conditions as it [the court] shall determine." And "[t]he court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, . . . ." Certainly the defendant does not argue that the parents of the deceased child did not suffer a loss. The payment required as a condition of deferment is clearly authorized by statute, is not therefore a fine and was grounded in the sound discretion of the trial court. There was no error.

The judgment is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.

---

[3]RCW 46.61.520(2) "Any person convicted of negligent homicide by means of a motor vehicle shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year, or by fine of not more than one thousand dollars, or by both fine and imprisonment."

[4]*State ex rel. Woodhouse v. Dore*, 69 Wn.2d 64, 416 P.2d 670 (1966).