PEOPLE *v.* PEIFFER

CRIMINAL LAW—PLEA OF GUILTY.

> A plea of guilty may be accepted without the record indicating that guilt was established beyond peradventure; it is sufficient if there was a substantial factual basis for the plea, that the defendant pled guilty freely, understandingly, and voluntarily, and that the defendant might well have been convicted upon trial.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 May 4, 1971, at Lansing. (Docket No. 10088.)   Decided May 26, 1971.

Roy Peiffer was convicted, on his plea of guilty, of receiving and aiding in the concealment of stolen property, knowing the property to be stolen and worth more than $100.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lawrence L. Hayes, Jr.,* Prosecuting Attorney, for the people.

*Lewis I. Loren,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485–487.

Per Curiam. On February 26, 1969, the defendant pled guilty to receiving and aiding in the concealment of stolen property, to wit: a .22-caliber Marlin automatic rifle and a .22-caliber Marlin bolt-action rifle, knowing the same to have been stolen and the value of the property to have been in excess of $100. MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28.803). On March 10, 1969, he was sentenced to a term of 4-1/2 to 5 years in prison. A delayed appeal was granted because the defendant's initially-appointed appellate counsel failed to file a timely appeal of right, as requested.

The record shows that the trial judge made an unusually thorough examination of the defendant before accepting his plea. In the course of the questioning it developed that the defendant did not think that the value of the two Marlin rifles exceeded $100. Thereupon, the court rejected the defendant's plea and asked the prosecutor to investigate the value of the guns; later the same morning, following a recess, the prosecutor moved to amend the complaint and information, to add a 16-gauge Remington automatic shotgun. With the addition of the charge of stealing the shotgun, which the defendant admitted taking, the court accepted his plea.

Defendant now claims that a miscarriage of justice resulted from the failure of the trial court to examine the defendant on all aspects of the amended complaint and information, citing GCR 1963, 785.3 (2).[1]

---

[1] "If an accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted." GCR 1963, 785.3(2).

After reviewing the record, we are satisfied that the plea was freely, understandingly, and voluntarily given, that there was a substantial factual basis for it, and that the defendant might well have been convicted upon trial. It was not necessary that his guilt be established beyond peradventure; there was no clear miscarriage of justice. *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.