Argued December 18, 1972, affirmed February 20, petition for
rehearing denied March 15, petition for review denied
May 15, 1973

STATE OF OREGON, *Respondent, v.* ROSELLA
IRENE ALLEN (No. 72-1086), *Appellant.*

506 P2d 528

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was charged with obtaining money and property under false pretenses in violation of ORS 165.205. Following waiver of indictment and a plea of guilty, defendant was placed on probation for a period of three years. Included among the conditions of defendant's probation were the following:

(1) "That said defendant not associate with any person who has ever been convicted of a crime, specifically with one Eddie Williams";

(2) "That said defendant not enter into any marriage contract unless specifically authorized by Order of this court"; and .

(3) "That said defendant make restitution in the sum of $100.00 as and for her attorney's fee."

This appeal challenges these three conditions as improper.

1. In *State v. Fuller,* 12 Or App 152, 504 P2d 1393, Sup Ct *review denied* (1973), this court held that a court may make repayment of appointed. attorney's fees a condition of probation. Therefore, defendant's challenge of that condition has no merit.

■ As to the condition prohibiting marriage unless authorized by the court, we hold that it was justified by the facts of this case. At the sentencing hearing defendant indicated that she intended to marry one Eddie Williams. His parole officer testified that Williams had been on parole under a 20-year sentence as an habitual criminal, had prior convictions for forgery and narcotics and had committed another crime, forgery, while on parole. Apparently the sentencing court concluded that defendant's criminal activity was related to her association with Mr. Williams and that her chances for success on probation would be enhanced if she stayed away from him. In assessing the reasonableness of probation conditions a reviewing court will bear in mind the purposes sought to be served by probation and will recognize the wide discretion of the trial court in such matters. ORS 137.540; *Sobota v. Williard,* 247 Or 151, 427 P2d 758 (1967). We find no abuse of that discretion in the imposition of the condition requiring court approval prior to marriage.

■ We turn to the general condition that defendant not associate with anyone who has ever been convicted of a crime. This condition as written is subject to the construction that it applies only to Eddie Williams, but the court orally explained to the defendant that the proscribed association, besides Eddie Williams, "includes all other persons who have ever been convicted of a crime." While this condition on its face is a rather sweeping prohibition, we think it must be read having in mind the practicalities of the probation status. The purpose of probation is to assist the probationee to become a law-abiding citizen. It can be presumed that if he associates with known criminals, his chances of rehabilitation are lessened. If then, under a condition such as this one, a revocation hearing became neces-

sary we must assume that the court would revoke for violation only if the probationee knowingly associated with persons convicted of crimes which would be likely to adversely affect his rehabilitation. To do otherwise would be an abuse of the court's discretion.

The condition imposed here is not essentially unlike the statutory conditions of probation provided for in ORS 137.540 such as:

"* * * * *

"(1) Avoid injurious or vicious habits.

"(2) Avoid places or persons of disreputable or harmful character.

"* * * * * *"

and these conditions have not been held to be too broad.[1]

Affirmed.

---

[1] "The standards which the trial court may expect of its probationers are set forth in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769, 771 (1964), as follows:

"'* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.'" State v. Frye, 2 Or App 192, 195, 465 P2d 736 (1970).