Argued August 21, affirmed September 10, petition for rehearing denied October 3, petition for review denied November 27, 1973

## STATE OF OREGON, *Respondent, v.* MELVIN WAYNE FOLTZ (No. 73 1039), *Appellant.*

513 P2d 1208

*Larry R. Roloff,* Eugene, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted on a plea of guilty in the district court to a charge of attempted theft in the second degree ($120). The district judge sentenced him to be placed on probation for four and one-half years upon several conditions, including:

"3. To make restitution for money received from the welfare department in the amount of $2600.00; payments to be in the amount specified by his Probation Officer and to be completed within 3½ years."

Defendant appealed from the district court's order and judgment to the circuit court under ORS 138.050, upon the ground that the judgment was excessive. The circuit court affirmed.

On this appeal defendant again contends that the above condition of probation was in excess of the sentencing court's jurisdiction, and that the circuit court erred in affirming the district court's sentence.

In taking his appeal from the district court to circuit court, defendant failed to bring up any record of the sentencing proceedings in district court, except the judgment roll and district court file. When the appeal was heard in circuit court, defendant insisted that the circuit court was precluded from considering anything but the bare judgment roll of the district

court, arguing that the judgment roll was erroneous on its face. Neither the circuit court nor this court was presented with a proper record.

■■ In order for a reviewing court to exercise its powers to review an alleged excessive sentence, the court must have before it some evidence as to the basis of the sentencing court's action. *State v. Clark*, 237 Or 596, 392 P2d 643 (1964); *State v. Ridder*, 185 Or 134, 202 P2d 482 (1949). This was defendant's responsibility. *See, State v. Skrelunas*, 1 Or App 182, 460 P2d 869 (1969).

■ Defendant again argues in this court that the circuit court was required to hold the district court's sentence herein excessive because a sentencing court cannot, under any circumstances, require that restitution in the amount of $2,600 be made as a condition of probation upon conviction of attempted theft in the second degree. He avers that this is so because such a conviction absolutely precludes the sentencing court from determining either that the victim of the crime suffered actual loss from defendant's attempt, or that more than $120 alleged in the complaint was in fact involved in defendant's attempted theft. In addition, he asserts that the sentence imposed herein is manifestly beyond a sentencing court's jurisdiction to impose upon a conviction for a Class B misdemeanor.

Defendant's arguments are all without merit.

ORS 137.540 (10) provides that a sentencing court may condition its grant of probation upon a requirement that the defendant shall:

"* * * * *

"(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by

offense, in an amount to be determined by the court."

Under such a statute the fact that defendant's conviction is for an attempt to commit theft would not preclude the court from conditioning probation upon restitution of the amount actually taken, even though a larger amount. *See, State v. Richardson,* 258 La 62, 245 So2d 357, 364 (1971); *People v. Miller,* 256 Cal App2d 348, 354-56, 64 Cal Rptr 20, 24-25 (1967); *People v. Dawes,* 132 Ill App2d 435, 270 NE2d 214 (1971), *affirmed* 52 Ill2d 121, 284 NE2d 629 (1972).

■ In the absence of a proper record the circuit court could not review the district court's discretion in imposing sentence. *State v. Clark,* supra. The circuit court, therefore, was entitled to rely on the statutory presumptions of regularity (ORS 41.360 (15), (16), (17)), and affirm the sentence, because it was not manifestly beyond the jurisdiction of the sentencing court to impose. ORS 137.540 (10).

Affirmed.