## PEOPLE v JIM WILLIAMS

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—FACTUAL BASIS—INTERROGATION OF ACCUSED—COURT RULE—STATUTES.

   A court rule prohibits interrogation of an accused to establish a factual basis for a plea of nolo contendere, however such interrogation was proper in a case where the plea was accepted, prior to the effective date of that court rule (MCLA 767.37; GCR 1963, 785.7[3][d]).

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—FACTUAL BASIS.

   A factual basis for a defendant's plea of nolo contendere was established where the record shows that the plea was freely, understandingly and voluntarily made and that there was a substantial basis for it; it is not necessary for the defendant's guilt to be established beyond peradventure.

3. CRIMINAL LAW—PROBATION—RESTITUTION—CONSTITUTIONAL LAW—DUE PROCESS—STATUTES.

   A trial court's requirement that a defendant pay restitution as a condition of probation is not in violation of the probation statute, nor is such a condition a violation of any constitutional right of the defendant; rather than being deprived of any rights without due process of law, the defendant is given the privilege of avoiding the usual penalty for his crime by the payment of a sum of money and observance of other conditions (MCLA 771.3).

4. CRIMINAL LAW—APPEAL AND ERROR—PREMATURE APPEAL—PROBATION—RESTITUTION—INDIGENT DEFENDANTS—CASE PRECEDENT.

   A claim by a defendant that it is against public policy to imprison a defendant for non-payment of restitution where such payment is a condition of probation and where payment is prevented by the indigency of defendant is premature where the defendant has not yet been imprisoned for any alleged failure to make payment; however, the trial court is advised to con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 526, 702.

[3, 4] 21 Am Jur 2d, Criminal Law § 565.

sider case precedent on the subject in any probation violation hearings.

Appeal from Cass, James E. Hoff, J. Submitted Division 3, 1974, at Grand Rapids. (Docket No. 18291.) Decided January 7, 1975.

Jim E. Williams was convicted, on his plea of nolo contendere, of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael Dodge,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Aloysius J. Lynch,* Special Assistant Attorney General of counsel), for the people.

*Marshall S. Redman,* Assistant State Appeallate Defender, for defendant.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

T. M. BURNS, P. J. After his plea of nolo contendere was accepted to a lesser offense of felonious assault, MCLA 750.82; MSA 28.277, defendant, on December 15, 1972, was sentenced to two years probation. As a condition of probation, defendant was ordered to pay $500 in costs and fines at the rate of $50 per month. Another condition of probation was that defendant make restitution to the victim of the assault in the amount of $1500 at the rate of $100 per month. This appeal followed.

Defendant contends that his nolo contendere plea must be set aside because (1) the trial court erred in interrogating defendant to establish a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

factual basis for the plea; (2) even if the trial court did not err by doing so, reversal is required because the interrogation did not establish that defendant committed a crime. We disagree.

Defendant's nolo contendere plea was accepted on November 10, 1972, nearly seven months before GCR 1963, 785.7(3)(d) became effective.[1] At that time it was not error to question an accused to establish a factual basis for his plea. MCLA 767.37; MSA 28.977. See also *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972); *People v Curry,* 48 Mich App 545; 210 NW2d 791 (1973). Therefore, the trial court did not err by questioning this defendant.

Defendant's claim that the trial court failed to establish a factual basis for his plea is likewise without merit. The record reveals that the trial court conducted an unusually thorough examination of defendant before accepting his plea. After reviewing the plea transcript, we are convinced that defendant's plea was freely, understandingly and voluntarily made, and that there was a substantial factual basis for it. It was not necessary for defendant's guilt to be established beyond peradventure. *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968), *People v Peiffer,* 34 Mich App 123; 190 NW2d 699 (1971).

Defendant next argues that the imposition of restitution payments to the injured party as a condition of his probation violates due process of law. MCLA 771.3; MSA 28.1133, authorizes the sentencing court to require the payment of restitution and costs as a condition of probation. Furthermore, our courts have repeatedly held that when a defendant is given probation, he is not deprived of

[1] The new court rule became effective on June 1, 1973, and thus does not control this case.

any of his rights without due process, but rather he is given the privilege of avoiding the usual penalty of his crime by the payment of a sum of money and observance of other conditions. *People v Good,* 287 Mich 110; 282 NW 920 (1938), *People v Jaynes,* 23 Mich App 360, 362; 178 NW2d 558 (1970), *People v Marks,* 340 Mich 495; 65 NW2d 698 (1954). Therefore, the trial court's requirement of restitution in the case at bar was not in violation of the probation statute nor was it a violation of any constitutional right of the defendant. See *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974).

Finally, defendant asserts that it is contrary to the public policy of this State to imprison a probationer for failure to pay amounts totaling $150 per month where his indigency has prevented such payment. We note at the outset that this claim is not properly before this Court and is premature since defendant has not yet been imprisoned for any alleged failure to make the payments in question. However, our review of the record reveals that on June 1, 1973, a petition for a probation violation hearing was filed in the lower court alleging that defendant has violated the conditions of his probation in that he has made no payments on his fine and costs or restitution. On August 31, 1973, the lower court adjourned this hearing pending disposition of this appeal. While we affirm the judgment below, we also refer the lower court to consideration of *People v Gallagher, supra,* wherein we discussed restitution as a condition of probation and the effect of non-payment due to the inability to pay.

Affirmed.

All concurred.