Argued December 15, 1975, affirmed January 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
GEORGE ARTHUR SULLIVAN, *Appellant.*
(No. C 75-03-0943 Cr, CA 4838)
544 P2d 616

*Kathleen Nachtigal,* Portland, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after a jury trial of the crimes of rape and sodomy, each in the first degree. He was sentenced to a maximum of 10 years' confinement on each count, to run concurrently. The trial court, however, suspended the execution of each sentence and placed defendant on five years' probation. As a condition of probation on the first count (rape), the court ordered defendant to make "restitution" to the female victim by paying her the sum of $3,000 at the rate of $75 per month commencing August 1, 1975.

■ The sole issue before us is defendant's contention that the trial court abused its discretion in fixing an arbitrary amount of reparation or restitution to the victim.[1] Defendant argues that the above condition was not supported by the evidence or record of the case, was an arbitrary abuse of judicial discretion and a deprivation of property without due process of law, and was a penal fine under the guise of restitution.

In *State v. Stalheim,* 23 Or App 371, 542 P2d 913 (1975), a similar question was presented. There the defendant was convicted of the negligent homicide of two women — a mother and her unmarried daughter — in an automobile collision. The trial court as a condition of probation required defendant to pay the sum

---

[1]While some courts have held that the terms "reparation" and "restitution" are synonymous, their use in ORS 137.540(10) in the disjunctive leads us to the conclusion that the legislature considered these words to have different meanings. 2 Sutherland, Statutory Construction, § 4923 (3d ed Horack 1943). *See also, Lommasson v. School Dist. No. 1,* 201 Or 71, 261 P2d 860, *withdrawn on other grounds* 201 Or 90, 267 P2d 1105 (1954). Accordingly, we believe that "restitution" was intended to mean the act of restoring the aggrieved person to status quo, i.e., reimbursement for the damage or loss sustained. "Reparation," however, is a broader term. It includes "restitution" but is something more. It carries with it the idea of making complete amends for a wrong or injury done. *See,* Webster's New Twentieth Century Dictionary 1532, "reparation" (2d ed 1964); Random House Dictionary 1216, "reparation" (1967); 36A Words and Phrases 786; 37A Words and Phrases 66.

The monthly payments which the trial court ordered in the case at bar would probably be classed as "reparation" rather than "restitution."

of $2,500 to their survivor, who was the husband of one of the victims and the father of the other.

A majority of this court held that the above condition should be set aside because the survivor was not an "aggrieved party" under ORS 137.540(10), which provides:

> "The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:
>
> "* * * * *
>
> "(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

In the case at bar the challenged money payment is to the victim. Therefore the ground of disallowance which was found to be controlling in *Stalheim* would not apply.

Under our statutes the grant of probation is discretionary with the trial court. ORS 137.540. *State v. Frye,* 2 Or App 192, 465 P2d 736 (1970). In exercising that discretion the court is guided by a balancing of the considerations of public safety and the rehabilitation of the offender. *Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964). *See also, State v. Ludwig,* 218 Or 483, 344 P2d 764 (1959). In *State v. Foltz,* 14 Or App 582, 513 P2d 1208, Sup Ct *review denied* (1973), we recognized that a court can require as a condition of probation that a defendant pay a sum greater than the amount involved in the crime as restitution to the victim.

In crimes of this type which involve physical and mental anguish to the victim, the fixing of the amount of reparation is exceedingly difficult and must necessarily involve a large measure of discretion on the part of the trial judge. Nevertheless that discretion is not unlimited. The amount fixed must be reasonable and have a rational basis and must not be the product of arbitrariness or capriciousness.

The amount of reparation fixed by the trial court was not without basis as defendant contends. It appears from the record that the trial court had before it the presentence report prepared by the Multnomah County Diagnostic Center and defendant's statements at the sentencing hearing, and thus could weigh the terms of the probation most conducive to rehabilitating defendant. *Barker v. Ireland,* supra.

The report of the diagnostic center recommended a maximum sentence of 10 years, to be suspended upon the conditions of five years' probation, a fine of $1,500, $500 damages to the victim and 80 hours of community service.

■ In addition, the trial court had the opportunity to observe the victim and hear her testimony concerning the perpetration of the crimes. Accordingly we are satisfied that the court had a legally sufficient basis for its action.

■ It is our conclusion that the challenged condition was within the court's judicial discretion. ORS 137.540. As we said in *State v. Allen,* 12 Or App 455, 457, 506 P2d 528, Sup Ct *review denied* (1973):

> "* * * In assessing the reasonableness of probation conditions a reviewing court will bear in mind the purposes sought to be served by probation and will recognize the wide discretion of the trial court in such matters. * * *"

■ We do not believe that under ORS 137.540 the trial court was required to arrive at its determination of the amount of reparation by the taking of more specific evidence concerning the trauma suffered by the victim.

A recent case involving a similar statute and similar issues is *State v. Jim Williams,* 57 Mich App 439, 225 NW2d 798 (1975). There the defendant had pleaded nolo contendere to a reduced charge of felonious assault. The trial court as conditions of probation ordered defendant (1) to pay $500 in costs and fines at the rate of $50 per month and (2) to make restitution

to the victim of the assault in the amount of $1,500 at the rate of $100 per month. In upholding these conditions on appeal the court said:

"Defendant next argues that the imposition of restitution payments to the injured party as a condition of his probation violates due process of law. MCLA § 771.3; MSA § 28.1133, authorizes the sentencing court to require the payment of restitution and costs as a condition of probation. Furthermore, our courts have repeatedly held that when a defendant is given probation, he is not deprived of any of his rights without due process, but rather he is given the privilege of avoiding the usual penalty of his crime by the payment of a sum of money and observance of other conditions. * * *" 57 Mich App at 441-42, 225 NW2d at 799.

For a collection of cases in which the appellate courts of other jurisdictions have upheld cash payments to injured parties or their survivors as a conditon of probation, *see,* n 1 of the dissenting opinion in *State v. Stalheim, supra.*

Affirmed.

**SCHWAB, C. J.,** dissenting.

I doubt that "if [the legislature] had considered the problem,"[1] it would have ever intended ORS 137.540(10) to be applied as the majority does today, and judging by our other cases, as circuit courts are doing with increasing frequency.

Three thousand dollars for a rape victim seems reasonable. But I understand the majority to sanction far broader use of ORS 137.540(10). Suppose a defendant was charged with felony hit-and-run, ORS 483.602, 483.991(12).[2] Suppose there was evidence at trial that the victim suffered a broken arm in the accident. Suppose at sentencing the trial judge said: "Mr. Defendant, you can have your choice; either I am going to send you to prison for five years, or I will put you on

---

[1] *State v. Welch,* 264 Or 388, 394, 505 P2d 910 (1973).

[2] *Amended,* Oregon Laws 1975, ch 451, §§ 94, 271.

probation, but only on the condition that you pay the other driver $25,000 because of the broken arm and physical anguish you caused."

I find nothing in today's majority opinion to indicate that this court would do other than uphold a probationary sentence subject to this condition on the ground that it is within the "large measure of discretion" of the trial court because fixing the amount of reparation in "physical * * * anguish" situations is "exceedingly difficult." 24 Or App at 102.

The serious legal problems raised by such a sentence are legion. The defendant is being deprived of property without an opportunity to be heard. Both the defendant and the victim are being deprived of their right to have a jury trial on the civil liability question.[3] If there were subsequent civil litigation, would any collateral estoppel arise from the criminal sentence? If there were subsequent civil litigation, would it be possible for the victim to receive double indemnity?

Footnote 1 of the majority opinion distinguishes between "restitution" and "reparation." I am not sure I understand the distinction drawn or the value of attempting to draw one. In any event, it seems to me that, as the majority applies ORS 137.540(10), there is a perfect synonym for both terms—civil damages. In short, the majority approves joinder of questions of criminal liability with questions of liability for civil damages for trial, but then does not allow a trial on civil liability.

ORS 137.540(10) can and should, I submit, be given a more limited interpretation. "Reparation" authorized by that statute should only be invoked in situations where the amount of damages the victim has sustained are liquidated by adjudication or binding agreement between victim and defendant.

I concede that a majority of the cases from other jurisdictions are contrary to the analysis I here sug-

_____
[3]U.S. Const. amend. VI; Oregon Constitution, Art I, § 17.

gest. But in ascertaining and applying Oregon Law, we are not bound to follow what other jurisdictions have done regardless of whether the reasoning employed elsewhere is persuasive. In this regard, I find the reasoning of the court in *State v. Jim Williams,* 57 Mich App 439, 441-42, 225 NW2d 798 (1975)—holding in effect that this type of sentence presents no constitutional problem because the defendant has the "choice" of refusing probation subject to unacceptable conditions and going to prison—to be singularly unpersuasive.

Since I would remand for resentencing in accordance with the views expressed herein, I respectfully dissent.