**STATE of Minnesota, Respondent,**

v.

**Dana Michael TERPSTRA, Appellant.**

No. C2–94–2018.

Court of Appeals of Minnesota.

July 18, 1995.

Review Granted Aug. 30, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Linda M. Freyer, Assistant County Atty., Minneapolis, for respondent.

Dana Michael Terpstra, Excelsior, pro se.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J.,* and AMUNDSON and FOLEY, JJ.

---

* Retired Judge of the district court, serving by appointment pursuant to Minn. Const. art VI

## OPINION

AMUNDSON, Judge.

Dana Michael Terpstra appeals from a district court order for restitution in the amount of $45,341. Terpstra argues that the district court abused its discretion by ordering restitution in an amount that exceeded the dollar amount set forth in the statute under which he was convicted. We affirm.

## FACTS

Dana Michael Terpstra was a building contractor. Between 1989 and 1992, he signed contracts with three home owners to remodel their kitchens. He insisted on large down payments before beginning work. After collecting the down payments, Terpstra obtained additional funds by claiming that the money was necessary for supplies or to finish nearly completed projects. Two of the complainants stated that Terpstra never performed any work on their homes, while the other two stated that he had only performed a portion of the work.

Terpstra was charged by complaint with four counts of theft by swindle in excess of $2500. Following a jury trial, he was convicted of one count of theft by swindle in excess of $2500 and two counts of theft by swindle in excess of $500 but less than $2500. Terpstra was acquitted of Count III.

At sentencing, the three home owners requested restitution in the following amounts:

| Count I | $10,454.48 |
|---|---|
| Count II | 26,048.52 |
| Count IV | 8,838.00 |
| Total | 45,341.00 |

The presentence investigator concluded that those figures accurately represented the losses incurred by the victims. The probation officer later recommended that Terpstra be required to pay restitution in the full amount.

Terpstra did not dispute the value of the loss claimed by the victims, but contended that the amount of restitution for the two counts of theft of less than $2500 had to be

§ 10.

capped at $2500. The trial court rejected that argument and ordered him to pay restitution in the amount of $45,341. This appeal followed.

## ISSUE

Did the district court abuse its discretion in ordering restitution in an amount that exceeded the dollar amount set forth in the theft statute under which Terpstra was convicted?

## ANALYSIS

The sentencing court has broad discretion in ordering "reasonable" restitution. *State v. Belfry*, 416 N.W.2d 811, 813 (Minn. App.1987). The sentencing court is in the best position to weigh the various options. *State v. O'Brien*, 459 N.W.2d 131, 133 (Minn. App.1990). However, the order must have a factual basis in the record. *Belfry*, 416 N.W.2d at 813. Disputes as to the proper amount of restitution are to be resolved by the court by a preponderance of the evidence. Minn.Stat. § 611A.045, subd. 3 (1992).

Under Minnesota law, upon conviction of a felony, a court may sentence the defendant "to payment of court-ordered restitution." Minn.Stat. § 609.10(5) (1992). In determining whether to order restitution and the amount of the restitution, the court must consider:

(1) the amount of economic loss sustained by the victim as a result of the offense; and

(2) the income, resources, and obligations of the defendant.

Minn.Stat. § 611A.045, subd. 1 (1992).

Applying section 611A.045, the district court concluded that an order of full restitution was appropriate. We agree. The findings were supported both by the affidavits of restitution and the testimony presented during trial. Terpstra has not disputed the findings as exceeding the losses suffered and has not claimed an inability to pay.

Terpstra argues that there is factual distinction between this case and *State v. Olson*, 379 N.W.2d 524 (Minn.1986). In *Olson*, the defendant was convicted of receiving stolen property valued at over $1,000. For sentencing purposes, the trial court determined that the value of the property was in excess of $2,500, allowing the court to impose a sentence at a higher level of severity. The court stated that:

We start with the general rule that it is the jury's function to decide whether the defendant is guilty or not guilty of the crime charged and that it is the trial court's function to make any findings of fact bearing on the sentence to be imposed for the offense of which the defendant is found guilty.

*Id.* at 526–27.

Terpstra relies on the fact that the jury in *Olson* was not given a special interrogatory to determine the value of the property, while the jury in the present case was. The true distinction, however, is that in *Olson* the court was granted the discretion to determine the value of the property for the purposes of sentencing.[1] *See id.* at 526.

In the present case, Terpstra was sentenced according to the guidelines for the crimes for which he was convicted. The district court made a determination of the value of the property for the purposes of ordering restitution only. In reaching that determination the court correctly applied the provisions of section 611A.045. This does not constitute an abuse of discretion.

We do not believe the supreme court intended the decision in *Olson* to allow district courts to disregard the findings of the jury and sentence the defendant for a crime other than that for which he is convicted.

---

1. *Cf. State v. Robinson*, 480 N.W.2d 644, 646 (Minn.1992) (suggesting that a jury's special interrogatory might be authoritative for determining whether defendant's conduct occurred before or after effective date of repeat offender statute.) This case, however, deals with restitution and the burden of proof for restitution is a preponderance of the evidence, not the beyond a reasonable doubt standard necessary for a conviction. The district court, in imposing Terpstra's sentence, did not follow the determination of the jury. The purposes of restitution, however, are not limited to punishing the offender. Restitution is also an attempt to compensate victims for their losses.

We have considered the arguments in Terpstra's pro se brief and find them unpersuasive.

## DECISION

The district court did not abuse its discretion under Minn.Stat. § 611A.045 in ordering that Terpstra pay full restitution in the amount of $45,341.

**Affirmed.**