**STATE of Minnesota, Respondent,**

v.

**Dana Michael TERPSTRA, Appellant.**

No. C2–94–2018.

Supreme Court of Minnesota.

April 12, 1996.

Review of Court of Appeals.

Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Attorney General, St. Paul; Linda Freyer, Asst. County Attorney, Minneapolis, for respondent.

Heard, considered and decided by the court en banc.

## OPINION

KEITH, Chief Justice.

Appellant Dana Michael Terpstra requests review of a court of appeals decision affirming the district court's order of full restitution following Terpstra's conviction of three counts of theft by swindle. Terpstra argues that the district court exceeded its power to award restitution when it ordered him to repay monetary amounts to his victims in excess of the statutory parameters of his offenses. Because the district court applies a lesser standard of proof in determining restitution amounts than it does in adjudicating guilt, we reject Terpstra's contentions and affirm the court of appeals decision.

The facts of this case are not disputed by the parties on appeal. During the time period in question, Dana Michael Terpstra was self-employed as a building contractor. He entered into written contracts with four different homeowners in Hennepin County to remodel their homes. After several complaints from the homeowners regarding Terpstra's performance, the Minnetonka Police Department investigated his business activities. The police discovered that before beginning work on the remodeling projects, Terpstra would routinely request large downpayments. Two of the alleged victims, Susan Gilmore and Thomas McEnery, told the investigating detective that after they paid the downpayment, Terpstra never performed any work in their homes. The other two victims, Jason Quam and Ronald Haskvitz, stated that Terpstra only performed a portion of the requested work. In addition

to obtaining a downpayment, Terpstra asked the four homeowners for other sums of money, telling them that he needed it for supplies or new kitchen appliances, but he never actually supplied the merchandise promised. Susan Gilmore claimed that Terpstra received $26,048.52 from her and only provided her with some remodeling plans; Thomas McEnery claimed a loss of $10,454.48; Jason Quam alleged payment to Terpstra of $8,838.00; and Ronald Haskvitz estimated his losses at $3,700.

The criminal complaint filed against Terpstra charged him with four counts of theft by swindle. Minn.Stat. § 609.52, subd. 2(4) (1992) imposes criminal liability upon any person who "by swindling, whether by artifice, trick, device, or any other means, obtains property or services from another person." Subdivision 3 of that statute exposes a defendant to a range of maximum sentences depending upon the value of the property stolen. Theft of property valued at more than $2,500 can result in up to ten years of imprisonment and a $20,000 fine, while theft of property between $500 and $2,500 in value is punishable by a maximum of five years in prison and a $10,000 fine. Minn.Stat. § 609.52, subd. 3(2) and 3(3) (1992). Following a jury trial with testimony from all four victims, Terpstra was convicted of three counts of violating section 609.52, but acquitted of the count alleging theft from Ronald Haskvitz. The jury found Terpstra guilty in Susan Gilmore's case of theft of an amount in excess of $2,500. On the counts involving Jason Quam and Thomas McEnery, however, the jury acquitted Terpstra of the more serious offense, and instead found him guilty of the lesser included offense of theft of property valued between $500 and $2,500.

At sentencing on June 29, 1994, the three remaining victims requested restitution in the amounts alleged in the criminal complaint and verified by a presentence investigation. These sums were also documented at trial through cancelled checks and the witnesses' testimony. In reference to restitution, Terpstra's attorney voiced his objection to the district court's requirement that Terpstra repay the entire amount of $45,341 lost by the three victims. While Terpstra did not contest that the evidence at trial supported this aggregated amount of damages, his attorney argued that the jury had convicted Terpstra on two counts of theft of a lesser amount than charged in the complaint, and therefore the court "lacks jurisdiction to sentence above the statutory amount" of $2,500. The district court rejected this argument, noting that restitution "is not limited to the amounts charged in the complaint or admitted in the plea. And in this case, as to the jury's finding of guilty, the proof is different. * * * [P]roof beyond a reasonable doubt is required for conviction, whereas the Court need only find that the evidence sustains a loss, economic loss to the victim, by a fair preponderance of the evidence." The court sentenced Terpstra to serve fifteen months in prison, but stayed execution of that sentence for 10 years on the condition that Terpstra repay the victims a total of $45,341 in restitution and spend one year in the Hennepin County Workhouse without Huber privileges as a condition of his 10-year probation term.

The court of appeals affirmed the district court's restitution order. *State v. Terpstra*, 534 N.W.2d 554 (Minn.App.1995). The court found that the district judge had not abused his discretion by awarding the full amount of restitution to the victims because Terpstra did not dispute the accuracy of the $45,341 figure, and the prosecution had met its burden of proving the amount of loss by a preponderance of the evidence. *See* Minn. Stat. § 611A.045, subd. 3 (1992). The court acknowledged that the jury reached a different conclusion regarding the victims' losses, but reasoned that the district court judge's discretion in sentencing decisions was substantial:

> This case, however, deals with restitution and the burden of proof for restitution is a preponderance of the evidence, not the beyond a reasonable doubt standard necessary for a conviction. The district court, in imposing Terpstra's sentence, did not follow the determination of the jury. The purposes of restitution, however, are not limited to punishing the offender. Restitution is also an attempt to compensate victims for their losses.

*Terpstra,* 534 N.W.2d at 556 n. 1. Terpstra now appeals from the appellate court's decision, arguing that the trial court ignored the jury's findings regarding the value of the property lost by the victims, and therefore erred by imposing restitution greater than $2,500 on the two lesser-included offenses.

A crime victim "has the right to receive restitution as part of the disposition of a criminal charge * * * if the offender is convicted. * * * A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime." Minn.Stat. § 611A.04, subd. 1 (1992) (in pertinent part). In determining the amount of restitution to be ordered, the trial court shall consider "the amount of economic loss sustained by the victim *as a result of the offense* " and "the income, resources, and obligations of the defendant." Minn.Stat. § 611A.045, subd. 1 (1992) (emphasis added). Any dispute regarding the proper amount of restitution "must be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of loss sustained by a victim as a result of the offense and the appropriateness of a particular type of restitution is on the prosecution." Minn.Stat. § 611A.045, subd. 3 (1992).[1]

■ Terpstra argues that despite the plain language of these statutes, the district court erred when it ordered him to repay the three victims the full amount of the losses established at trial. He asserts that the jury's verdict of not guilty of theft by swindle in excess of $2,500 on two counts restricts the district court during the sentencing phase and prohibits the court from ordering restitution beyond $2,500. The State responds that the determination of guilt or innocence at trial is entirely separate from the determination of the restitution to be ordered by the district court judge. While the jury must find a defendant guilty of a crime beyond a reasonable doubt, section 611A.045 clearly mandates that the district court determine the appropriate amount of restitution by the preponderance of the evidence. Therefore, it is entirely possible that while the jury did not find beyond a reasonable doubt that Terpstra

had misappropriated more than $2,500 from two of the victims, the district court judge concluded that the full amount alleged by the victims was established at trial to the satisfaction of the civil standard.

This specific issue is one of first impression in Minnesota. Other states have addressed the question raised by Terpstra, as will be discussed below. The closest analogy in Minnesota is perhaps *State v. Olson,* 379 N.W.2d 524 (Minn.1986). In *Olson,* a jury convicted the defendant of receiving stolen property valued at $1,000 or more in violation of Minn.Stat. § 609.53, subd. 1 (1984). At sentencing, the district court judge had a choice of two different offense severity levels under the Sentencing Guidelines. 379 N.W.2d at 526. If the value of the property received was more than $2,500, the offense was classified at severity level VI. And if the value was between $1,000 and $2,500, the offense was classified at level V. After calculating Olson's criminal history and custody status scores, he was subject to a period of imprisonment of either 73 or 61 months, depending on the judge's determination of the value of the property. *Id.* Olson's attorney argued that the district judge should not apply the higher offense severity level since the jury had found only that the value of the property was more than $1,000, rather than more than $2,500. Although no special interrogatory was submitted to the jury on the question of the stolen property's value, the defense attorney conceded that the property, an automobile, was worth more than $2,500. *Id.* In light of this concession and the evidence produced at trial, the district court applied the higher severity level and imposed the 73–month sentence. *Id.*

On appeal, this court affirmed the district court's sentence, reasoning that even though the district court decided that the property's value for sentencing purposes was at least $2,500, Olson still stood convicted of receiving stolen property valued at $1,000 or more. Furthermore, there was no dispute that the actual value of the stolen car was over $2,500; the car's owner testified at trial that its book value was $5,500 and Olson never contested

---

1. Minn.Stat. § 611A.04 and Minn.Stat. § 611A.045 have been revised since the date of Terpstra's offenses. *See* Minn.Stat. § 611A.04 (1994) and Minn.Stat. § 611A.045 (1994).

that figure. Therefore, in light of the evidence at trial and Olson's failure to prove otherwise, the district court's determination of the car's value was reasonable. *Id.* at 527. "[T]he general rule [is] that it is the jury's function to decide whether the defendant is guilty or not guilty of the crime charged and that it is the trial court's function to make any findings of fact bearing on the sentence to be imposed for the offense of which the defendant is found guilty." *Id.* at 526.

Our reasoning in *Olson* is applicable to this case. We concur with the State's argument that at Terpstra's sentencing hearing, the district court correctly applied the preponderance of the evidence standard in determining restitution, and that the court was not bound by the jury's verdict. The State asserts that there is no need to look beyond the unambiguous language of section 611A.045, subd. 3: all disputes as to the correct amount of restitution are to be resolved by the preponderance of the evidence. This is the same standard that would be applied if Terpstra's victims were to pursue a separate civil action against Terpstra. In fact, the order of restitution by the trial court can be "enforced by any person named in the order to receive the restitution in the same manner as a judgment in a civil action." Minn.Stat. § 611A.04, subd. 3 (1992). Furthermore, restitution paid by the defendant is credited against any civil judgment for the same conduct. *Id.*

■ Restitution is primarily intended to compensate a crime victim for his or her loss by restoring the victim to his or her original financial condition. *State v. Maidi,* 537 N.W.2d 280, 286 (Minn.1995); *State v. Fader,* 358 N.W.2d 42, 48 (Minn.1984). By allowing the district judge to resolve the restitution question, the crime victim is freed from the burden of instituting a civil action based upon the same conduct. In this case, the State did not meet its burden of proving a theft by Terpstra of more than $2,500 beyond a reasonable doubt. But this fact does not preclude the district judge from finding that Terpstra misappropriated $45,341 from the three victims under a preponderance of the evidence standard: the same result could be reached by another judge or jury if Terpstra's victims had sued him in a civil action.

Finally, although Minnesota courts have not yet addressed this issue, several other states have held that a guilty verdict within specific monetary parameters in a criminal case does not control the total amount of restitution that can be ordered for that offense. For example, the Hawaii Supreme Court has held that the amount of restitution ordered in a criminal case should be the actual loss or damage suffered by the victim, and not the statutory limit of the offense of conviction. *State v. Johnson,* 68 Haw. 292, 711 P.2d 1295, 1298 (1985). In *Johnson* the defendant, a travel agent, was indicted for first-degree theft for issuing airline tickets without collecting the fares. *Id.* 711 P.2d at 1296–97. At her jury trial, Johnson was convicted of the lesser included offense of third-degree theft of property not exceeding $50. Despite the jury's findings, the trial court ordered Johnson to repay the travel agency $5,406.33, the total amount she owed. *Id.* The supreme court affirmed the restitution order, noting that there was no dispute over the actual loss to the travel agency. The court further held that requiring Johnson to repay the full amount owed to her former employer would follow the legislative intent of the restitution statutes: "to have the convicted person repay society and his victims for his criminal *acts* whenever deemed appropriate by the sentencing court." *Id.* at 1299.

Similarly, in *Fee v. State,* the Court of Appeals of Alaska held that a defendant must pay restitution of $871.20, even though he pleaded guilty to third-degree criminal mischief which requires damage to property valued between $50 and $500. 656 P.2d 1202, 1204 (Alaska.Ct.App.1982). Fee argued before the court that his guilty plea to the lesser charge "collaterally estops the state from arguing that the actual loss exceeded $500." We disagree. *Id.* The court explained that while Fee's guilty plea placed a ceiling on the jail sentence and fines that could be imposed, the trial court could find that the evidence supported a restitution award based on the actual loss of the victim, which was stipulated to be $871.20. *Id.* at

1205. At least three decisions by the Court of Appeals of Washington have reached the same result. *See State v. Mead,* 67 Wash. App. 486, 836 P.2d 257 (1992); *State v. Selland,* 54 Wash.App. 122, 772 P.2d 534 (1989); *State v. Rogers,* 30 Wash.App. 653, 638 P.2d 89 (1981). Oregon and Arizona courts have also determined that restitution can exceed the statutory maximum amount for the convicted offense. *See State v. Foltz,* 14 Or.App. 582, 513 P.2d 1208 (1973); *State v. Fancher,* 169 Ariz. 266, 818 P.2d 251 (1991).[2]

In light of these decisions by other jurisdictions, the governing restitution statutes, the legislative purposes of restitution in general, and the substantial evidence at trial of the actual amount stolen from the victims, we affirm the district court's restitution order requiring Terpstra to pay a total of $45,341.

Affirmed.

TOMLJANOVICH, Justice (dissenting).

Because I disagree with the majority that restitution may be ordered in amounts in excess of those the jury found to have been stolen, I respectfully dissent.

Restitution is part of the sentence which may be imposed upon conviction of a crime.

*Upon conviction* of a felony and compliance with the other provisions of this chapter the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows:

. . . .

(5) To payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both; . . .

Minn.Stat. § 609.10 (1994) (emphasis added).

Similarly, restitution is authorized as a sentence for a misdemeanor:

*Upon conviction* of a misdemeanor or gross misdemeanor the court, if sentence is imposed, may, to the extent authorized by law, sentence the defendant:

. . . .

(4) To payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both;

. . . .

Minn.Stat. § 609.125 (1994) (emphasis added).

Thus it is clear that restitution is part of a criminal sentence. A sentence is defined as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." Black's Law Dictionary 1362 (6th ed. 1990). It seems elementary that punishment may only be ordered for a crime of which the defendant is convicted.

The restitution statute is broad and recognizes that a victim of a crime should not be twice victimized; first, when the crime is initially committed, and again when they try to recover for economic losses suffered. But the statute limits those amounts to those losses sustained *"as a result of the offense."* Minn.Stat. § 611A.045, subd. 1 (1992). Therein lies the problem with the majority's reasoning, the offense proven at trial involved $2,500 from each of two victims. Restitution was ordered far in excess of those amounts. Restitution should be ordered only for the losses as a result of the offense proven at trial and those that flow from that offense.

I acknowledge that the burden of proof in a civil trial is different from that in a criminal trial. Putting aside the right to a jury trial, to permit the trial judge to conduct his own civil trial within a criminal trial is inappropriate.

If a defendant is tried for murder and found not guilty of the murder, but guilty of some minor offense, it would be inconceivable to permit the judge to conclude the murder had been proven to her satisfaction and order wrongful death restitution. Today's decision permits such a result.

---

**2.** For the minority view, *see Peralta v. State,* 596 So.2d 1220, 1221 (Fla.Ct.App.1992) (even though value of items stolen exceeded $300, restitution is limited by statutory parameters of convicted offense); *Hefner v. State,* 735 S.W.2d 608, 614 (Tex.Ct.App.1987) (attorney could not be required to repay $35,500 in restitution where jury convicted attorney of theft over $750 and under $20,000, even though factual basis in record supported higher amount).

285

GARDEBRING, Justice (dissenting).

I join in the dissent of Justice Tomljano-
vich.