GILDEA, Chief Justice
(dissenting).
The majority concludes that the district court erred in considering the victim’s fault in awarding restitution. I agree with the majority that the plain language of Minn.Stat. § 611A.045, subd. 1 (2014), provides an exclusive list of factors the court is to apply when determining the amount of restitution, but I disagree with the result the majority reaches. In my view the statutory phrase “as a result of the offense” allows the court to consider whether the victim’s conduct caused the loss at issue. Id., subd. 1(a)(1). And although I agree with the result in Justice Page’s dissent, I do not join his dissent because it suggests that the court can award restitution only for losses caused by the specific crime of conviction (in this case, terroristic threats).[1] Accordingly, I write this separate dissent.
*687 Minnesota Statutes § 611A.045, subd. 1(a)(1) provides that the district court shall consider “the amount of economic loss sustained by the victim as a result of the offense.” In other words, the question at the restitution hearing is whether the offense caused the loss. In answering that causation question, the statute does not, as the majority concludes, prohibit the district court from considering evidence or argument that something other than the offense (i.e., the fault of the victim) caused the loss.
A “result,” as the majority states, is “[sjomething that follows naturally from a particular action, operation, or course; a consequence or outcome.” The American Heritage Dictionary 1497 (5th ed.2011). In this case, Riggs argued that the victim would not have suffered the loss at issue if the victim had not started the confrontation. In other words, Riggs argued that the loss was not just a consequence of his behavior but followed naturally from the victim’s behavior. Such alternative causation arguments are part of the typical causation analysis. See Jack Frost, Inc. v. Engineered Bldg. Components Co., Inc., 304 N.W.2d 346, 352 (Minn.1981) (holding that a plaintiff who suffered an injury “as a result of its own negligence and that of [the defendant]” is entitled to damages reduced by the proportion of the plaintiffs own negligence (emphasis added)).
I would adhere to that traditional causation analysis in the context of the restitution statute. Under such an analysis, the restitution statute permits the district court to consider alternative causes of the loss in deciding how much, if any, restitution to award. I therefore would hold that the district court did not err in concluding that the victim’s losses were not entirely a “result” of Riggs’s offense.
In sum, the majority is correct that the district court must consider only the two factors listed in section 611A.045, subdivision 1. Here, the court considered only those factors and determined that a portion of the loss sustained was not “as a result of the offense,” but as a result of the victim’s actions. I would reverse the court of appeals and hold that the district court did not err.
For these reasons, I respectfully dissent.

. As we said in State v. Terpstra, 546 N.W.2d 280, 283 (Minn.1996), the fact that the State could prove beyond a reasonable doubt only that the defendant committed theft of $2,500 did “not preclude the district judge from finding that [the defendant] misappropriated $45,341 ... under a preponderance of the evidence standard” at a restitution hearing. Terpstra confirms that restitution is not limited to the crime of conviction. The statute similarly makes this clear because it does not limit restitution to the victim's losses as a result of the conviction. Rather, the statute provides for restitution suffered "as a result of the offense.” Minn.Stat. § 611A.045, subd. 1(a)(1). See also Minn.Stat. § 611A.01(b) (2014) (defining "victim” as someone "who incurs loss or harm as a result of a crime”).